IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| In re:<br><br>TMG Liquidation Company, et. al.,<br><br>   Debtors,<br><br>_____<br><br>Official Committee<br>of Unsecured Creditors;<br>and JH Cohn, LLP,<br><br>   Plaintiffs,<br><br>  v.<br><br>National Patent Development<br>Corporation; Jay Baker;<br>Caleb C. Fort; and<br>E. Fort Wolfe, Jr.,<br><br>   Defendants. | C/A No. 7:12-629-TMC<br><br>**OPINION & ORDER** |

  This matter is before the Court on Defendants Jay Baker, E. Fort Wolfe, Jr., and Caleb C. Fort's ("Individual Defendants'") Motion to Withdraw Reference to the Bankruptcy Court. (Dkt. # 1).[1] Plaintiffs oppose the motion.[2] The court denies the motion for the reasons discussed below.

---

[1] On February 29, 2012, Defendant National Patent Development Corporation ("National Patent") filed its Response to the Individual Defendants' Motion to Withdraw the Reference in which it stated it supported the Individual Defendants' Motion to Withdraw Reference.

[2] The parties dispute whether the Plan Administrator has been properly substituted as a Plaintiff in the Adversary Proceeding. The court's inclusion of the Plan Administrator as a plaintiff in the caption of this order merely reflects the docket in this case in this court and is not a ruling on this issue.

## Background

This bankruptcy action involves an allegedly fraudulent transfer that occurred when TMG Liquidation Company, et. al. ("Debtors"), purchased the "Five Star Companies" from Defendant National Patent within two years of the date on which the Debtors filed for bankruptcy. Count I asserts a claim against National Patent for the recovery of the purchase price paid for Five Star's stock. Count II alleges a breach of fiduciary duties under state law against the Individual Defendants. Individual Defendants have filed a jury demand on non-core matters. Individual Defendants filed the instant motion seeking a withdrawal of reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d) and *Stern v. Marshall*, __ U.S. __, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).

## Discussion

United States District Courts have original jurisdiction over all bankruptcy matters and related proceedings. 28 U.S.C. §§ 1334(a), (b). Section 157(a) allows district courts to refer bankruptcy cases to the bankruptcy court. 28 U.S.C. § 157(a). This district has referred all bankruptcy cases to its bankruptcy court.

Under 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Thus, § 157(d) contains both a permissive and mandatory component. *In re Marine Energy Systems Corp.*, 2010 WL 680328 (D.S.C. 2010)(unpublished).

The Bankruptcy Code specifically provides that a bankruptcy court may hear and

2

"submit proposed findings of fact and conclusions of law to the district court," subject to de novo review, in a proceeding "that is not a core proceeding." 28 U.S.C. § 157(c)(1) (emphasis added). However, when the claims are core matters, there is no explicit comparable authority to follow a similar procedure.

Recently, in *Stern v. Marshall,* the Supreme Court held bankruptcy courts do not have the constitutional authority to enter final judgments in certain "core proceedings." 131 S.Ct. 2594. In *Stern*, the Supreme Court held that, while a bankruptcy judge has the statutory authority to enter a final judgment on a debtor's counterclaim pursuant to the plain language of 28 U.S.C. § 157(b)(2)(C), it is unconstitutional for a bankruptcy judge to enter a final judgment on a debtor's state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim. 131 S.Ct. at 2620.

Individual Defendants contend that regardless of whether the claims are core or non-core, pursuant to *Stern,* the bankruptcy court lacks the constitutional authority to decide the state law breach of fiduciary duty claim asserted in this action. While pursuant to *Stern*, the bankruptcy court cannot enter a final judgment on certain state law claims, the court does not believe that *Stern* precludes the court from allowing the pretrial proceedings to be handled by the bankruptcy court. Further, the Court also finds the bankruptcy court has authority to enter proposed findings of fact and conclusions of law on dispositive motions in regard to these state law claims, and thus, withdrawal of the reference is not required at this time pursuant to *Stern*.

Following *Stern*, at least one bankruptcy court initially determined that it had "no statutory authority to render findings of fact and conclusions of law for core proceedings that it may not constitutionally hear." *Samson v. Blixseth (In re Blixseth)*, 2011 WL

3

3274042, at *12 (Bankr. D. Mont. Aug. 1, 2011) (holding it had no authority to enter proposed findings of fact and conclusions of law on a "core" fraudulent conveyance claim).[3] However, this court joins the majority of courts that have since concluded that *Stern* did not eliminate the ability of bankruptcy courts to issue proposed findings and conclusions of law. *See McCarthy v. Wells (In re El–Atari),* 2011 WL 5828013, at *3 (E.D.Va. Nov.18, 2011) (holding in core matters related to a case under title 11 the bankruptcy court retains the authority to submit proposed findings of fact and conclusions of law to the district court); *Field v. Lindell (In re Mortg. Store, Inc.)*, 2011 WL 5056990, at *5–6 (D.Hawai'i Oct. 5, 2011) (holding "that Congress, if faced with the prospect that bankruptcy courts could not enter final judgments on certain 'core' proceedings, would have intended them to fall within 28 U.S.C. § 157(c)(1) granting bankruptcy courts authority to enter findings and recommendations."); *Paloian v. Am. Express Co (In re Canopy Fin., Inc.)*, 2011 WL 3911082, at *3–4 (N.D.Ill. Sept. 1, 2011) (holding "the [*Stern*] Court at least implied that the effect of its decision was to 'remove' certain claims from 'core bankruptcy jurisdiction,' and to relegate them to the category of claims that are merely 'related to' bankruptcy proceedings and thus subject to being heard, but not finally decided, by bankruptcy courts."); *JustMed, Inc. v. Bryce (In re Byce)*, 2011 WL 6210938, at *4 (D.Idaho Dec.14, 2011) (stating "[a] majority of district courts considering the issue hold that the bankruptcy courts retain the power to enter proposed findings and

---

[3]Recently, the bankruptcy court amended its earlier ruling in *In re Blixseth*. *In re Blixeth*, 2012 WL 10193, at *8–10 (Bankr.D.Mont. Jan. 3, 2012) ("The Court sua sponte amends its August 1, 2011, Memorandum of Decision and Order. . . . [S]everal courts have recently concluded that *Stern v. Marshall* does not deprive bankruptcy courts of subject matter jurisdiction . . . . [B]ecause the United States District Court for the District of Montana would have the requisite subject-matter jurisdiction to adjudicate the claims in this Adversary Proceeding, so too does this Court.").

recommendations."); *Levey v. Hanson's Window & Constr., Inc.* (*In re Republic Windows & Doors, LLC*), 460 B.R. 511, 2011 WL 6157342 (Bankr.N.D.Ill. Dec.12, 2011) (noting that "[n]othing in [the *Stern*] decision can be read to preclude this Court from submitting proposed findings of fact and conclusions of law to the district court."); *D&B Swine Farms, Inc v. Murphy-Brown, LLC (In re D&B Swine Farms, Inc.*), 2011 WL 6013218, at *2 (Bankr.E.D.N.C. Dec.2, 2011) (rejecting *Blixseth* holding that bankruptcy court has no statutory authority to render proposed findings and conclusions); *Reed v. Linehan (In re Soporex*), 2011 WL 5911674, at *5 (Bankr.N.D.Tex Nov. 28, 2011)(holding that "*Stern* did not strip the bankruptcy courts of the authority to hear these types of claims and to propose findings of fact and conclusions of law to the district court for de novo review."); *Goldstein v. Eby-Brown, Inc.   (In re Universal Mktg., Inc.*), 459 B.R. 573, 578 (Bankr.E.D.Pa. 2011) (declining to follow *Blixseth*); *Heller Ehrman, LLP, v. Arnold & Porter (In re Heller Ehrman, LLP*), 2011 WL 4542512, at *6 (Bankr.N.D.Cal. Sept. 28, 2011).[4]

Even where the parties have a right to a jury trial, immediate withdrawal is not required.

> [T]he mere fact that the district court must conduct a jury trial in an adversary proceeding does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial.

*In re El-Atari*,  2011 WL 5828013 * 6 (internal citations omitted).  "*Stern* creates no impediment to so doing . . . and the reference can readily be withdrawn when the case is

---

[4]Additionally, the court notes that at least three districts, the Southern District of New York, the Southern District of Florida and the District of Delaware, recently issued standing orders giving bankruptcy courts explicit authority to issue proposed findings and conclusions of law in connection with core matters that are found to fall within the *Stern* holding.

5

trial-ready if the parties still do not consent to allow the bankruptcy Court to preside at trial. In this sense, the district court would be using the Article I Bankruptcy Judge in the same manner as it routinely employs Article I Magistrate Judges: to supervise discovery, rule on non-dispositive motions, and report and recommend on dispositive motions." *Dev. Specialists, Inc., v. Orrick, Herrington & Sutcliffe, LLP*, 2011 WL 6780600 * 4 (S.D. N.Y. Dec. 23, 2011)(internal citation omitted).

Individual Defendants also argue the court should exercise its discretion to withdraw the reference (i.e. permissive withdrawal). Permissive withdrawal of the reference to the bankruptcy judge is within the sound discretion of the district court and is predicated upon cause shown on a case-by-case basis. In considering whether to grant permissive withdrawal of a reference, district courts have considered the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. *Vieira v. AGM, II, LLC*, 366 B.R. 532, 538 (D.S.C. 2007)(*citing In re U.S. Airways Group, Inc.*, 296 B.R. 673, 681 (E.D.Va. 2003). Here, given the bankruptcy court's familiarity with the case and her expertise on bankruptcy issues, the court declines to exercise its discretion to withdraw the reference at this time. Additionally, any right to a jury trial will be preserved on these claims as discussed above.

**Conclusion**

Based on the foregoing, the reference of this adversary proceeding shall remain with the bankruptcy court as to all pretrial matters, including dispositive motions, such as

motions for summary judgment, which the bankruptcy court may handle by submitting proposed findings of fact and conclusions of law to the district court. The bankruptcy court is to decide whether any defendant has right to a jury trial and, if a defendant is ultimately found to have such a right, that defendant may move to withdraw the reference once the case is ready for trial.

Accordingly, Defendants' Motion to Withdraw Reference to the Bankruptcy Court (Dkt. # 1) is **DENIED**.  The Clerk is directed to close this case. When any proposed findings of fact and conclusions of law are ready for review by the district court or the claims are ready for trial, a new case may be opened in the district court at that time.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
June 4, 2012